IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 03-WY-00804-RPM (KLM)

RICHARD J. BOWLES,

    Plaintiff,

v.

ROB CARRIGAN,
individually and as publisher of the Ute Pass Courier, Cripple Creek Gold Rush, and Courier Extra;

AMERICAN SECURITIES CAPITAL PARTNERS, LLC,
d/b/a ASP Westword, L.P. and d/b/a the Ute Pass Courier, Cripple Creek Gold Rush, and Courier Extra;

ASP WESTWORD, L.P.,
d/b/a the Ute Pass Courier, Cripple Creek Gold Rush, and Courier Extra;

ZIONS BANCORPORATION, d/b/a Vectra Bank Colorado;

THE CITY OF WOODLAND PARK, COLORADO;

JAMES HALLORAN, individually and in his capacity as police officer for the City of Woodland Park, Colorado, and

DOUGLAS P. PRICE, individually, and in his capacity as Deputy Municipal Judge of the Municipal Court of the City of Woodland Park, Colorado;

    Defendants.

---

### ORDER ON PENDING MOTIONS AND ORDER OF DISMISSAL

---

Richard J. Bowles filed his complaint initiating this action on May 2, 2003. He alleged that he was charged in the Municipal Court of Woodland Park, Colorado, with the crime of fraud by check in violation of Woodland Park Municipal Code Section 9.59.020. The plaintiff alleged

that this charge was initiated as a result of his dispute with three newspapers, the Ute Pass Courier, the Cripple Creek Gold Rush, and the Courier Extra, under common ownership of ASP Westward, L.P., concerning a political ad he purchased in his campaign for election as a Teller County Commissioner in October, 2002.

Mr. Bowles alleged that his prosecution was based on false information and constituted malicious arrest and false imprisonment. He asserted that the defendants conspired to violate his rights protected by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and that a release of his bank records violated the Gramm-Leach-Bliley Financial Services Modernization Act of 1999, 15 U.S.C. § 6801 *et seq*., and was in furtherance of a conspiracy in violation of 42 U.S.C. § 1985(3).

Additionally Mr. Bowles asserted that his First Amendment rights were violated because the criminal prosecution was politically motivated to punish him for opposing the "current Teller County governmental regime."

Mr. Bowles also alleged that a breach of contract occurred when the Ute Pass Courier and its sister publications refused his demand to republish his campaign advertisement or adjust the bill, and he alleged that the publishing of the arrest in the local media damaged his reputation and caused him severe emotional distress.

On February 10, 2004, Gary Shupp, the Woodland Park City Attorney, informed this court, by affidavit, that the criminal case was tried resulting in a jury verdict of guilty on January 8, 2004, and that no appeal was filed within the deadline. That affidavit was submitted in a supplement to the motion for summary judgment filed by defendants City of Woodland Park, James A. Halloran, and Douglas P. Price (the "City Defendants").

Pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), all of the plaintiff's claims premised on false arrest, false imprisonment, malicious prosecution or any claims of injury arising from allegedly unconstitutional conduct in connection with the prosecution are barred.  Judgment of dismissal will enter on those claims under Fed. R. Civ. P. 56.  The plaintiff's claim of a conspiracy in violation of 42 U.S.C. § 1985(3) is also deficient because an element of such a claim is racial or otherwise class-based, invidiously discriminatory animus, and there are no allegations of that type of motive.  *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).  The plaintiff has not adequately pleaded any other claim arising under federal law.  The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq*. does not provide a private right of action.  *Menton v. Experian Corp.*, 2003 W.L. 21692820 (S.D.N.Y. 2003).  In addition, defendant Price is entitled to absolute immunity from liability for tort claims arising out of acts performed by him in his judicial capacity.  Accordingly, the City Defendants' motion for summary judgment directed to the plaintiff's third, fourth, fifth, and sixth claims for relief is granted.  The complaint and amended complaint do not specify whether either of the other claims (breach of contract, libel and defamation) is asserted against any of these defendants.  Those claims are dismissed because they are not adequately pleaded.

The plaintiff's claims against defendant Zionsbancorpation based on the release of his bank records and an alleged conspiracy to violate his constitutional rights are precluded for the reasons set forth above.  Furthermore, Zions' ownership interest in Vectra Bank Colorado, N.A. is not a sufficient basis for imposing liability on Zions.

The complaint does not specify which claims are asserted against defendants Rob Carrigan, ASP Westward, L.P. and American Securities Capital Partners, LLC (the "Newspaper

Defendants"). The plaintiff's claims against the Newspaper Defendants are dismissed because the claims are not adequately pleaded.

When this case was reassigned there were many unresolved motions, both dispositive and non-dispositive. In light of the effect of the guilty verdict, most of those motions are now moot. This action has been prolonged and will not be prolonged further by additional proceedings with respect to motions for sanctions.

For the reasons set forth above, it is

ORDERED that the motion to dismiss of defendants James A. Halloran and the City of Woodland Park [doc. 12] is granted with respect to the first and second claims for relief, and the City Defendants' motion for summary judgment [doc. 96, as supplemented] is granted with respect to the third, fourth, fifth, and sixth claims for relief. All of the plaintiff's claims against defendants James A. Halloran, the City of Woodland Park, and Douglas P. Price are dismissed; and it is

FURTHER ORDERED that defendant Zions Bancorporation's motion to dismiss [doc. 89] is granted; and it is

FURTHER ORDERED that the motion to dismiss of defendants Rob Carrigan, ASP Westward, L.P., and American Securities Capital Partners, LLC [doc. 25] is granted; and it is

FURTHER ORDERED that City Defendants' motion for sanctions [doc. 100] is denied; and it is

FURTHER ORDERED that all other pending motions [docs. 17, 43, 47, 59, 65, 67, 95, 119, and 120] are denied as moot; and it is

FURTHER ORDERED that this civil action is dismissed.  The clerk will enter judgment dismissing all claims with prejudice.  Defendants will be awarded their statutory costs upon the filing of a bill of costs within 10 days.

Dated: September 5, 2007

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge